**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 92 CR 908-1** |
| vs. | ) | |
| | ) | |
| **WILLIAM R. SWIDERSKI** | ) | **Hon. Charles P. Kocoras** |

**NOTICE OF FILING**

TO:    Daniel May                         Will Smith
          Assistant United States Attorneys      United States Probation Office
          219 S. Dearborn Street, 5th Floor      55 E. Monroe St., 15th Floor
          Chicago, Illinois 60604                Chicago, Illinois  60603

        Please take notice that on this 18th day of December, 2013, the undersigned filed the following document(s) in the above-captioned cause, a copy of which is attached hereto.

-      **DEFENDANT'S POSITION REGARDING VIOLATION**
       **OF SUPERVISED RELEASE**

                           Respectfully submitted,

                           FEDERAL DEFENDER PROGRAM
                           Carol A. Brook
                           Executive Director

                           By: *s/ Sergio F. Rodriguez*
                                Sergio F. Rodriguez
                                Attorney for Defendant

SERGIO F. RODRIGUEZ
Federal Defender Program
55 E. Monroe Street, Suite 2800
Chicago, Illinois 60603
(312) 621-8300

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 92 CR 908-1 |
| vs. | ) | |
| | ) | |
| WILLIAM R. SWIDERSKI | ) | Hon. Charles P. Kocoras |

**DEFENDANT'S POSITION REGARDING VIOLATION OF SUPERVISED RELEASE**

Defendant WILLIAM SWIDERSKI, by the Federal Defender Program and its attorney SERGIO F. RODRIGUEZ, submits this position paper as to his violations of his supervised release. Mr. Swiderski requests that his appearance be waived at any hearing and sentencing for the violations of his supervised release and respectfully requests that any period of punishment be ordered to be served concurrently with the 16 year sentence he received in criminal court in Illinois . In support, Defendant states as follows.

### I. Procedural Background

Mr. Swiderski was originally convicted and sentenced by this court one count of armed bank robbery and received a sentence of 235 months, plus five years of supervised release. *See* December 6, 2013 Special Report. On December 23, 2011, a special report was issued detailing new criminal charges in the state of Illinois. Mr. Swiderski is currently incarcerated in Menard Correctional Center in Menard, Illinois. *Id.*

On May 21, 2013, Mr. Swiderski pled guilty and was convicted in the Illinois Circuit Court in Will County of Criminal Sexual Assault and sentenced to 16 years in the Illinois

Department of Corrections. His projected parole date is March 4, 2039.. *Id.* at 2. A hearing is scheduled before this court for December 19, at 9:30.

## II. Rules 32 and Rule 43 of the Federal Rules of Criminal Procedure permit a Defendant to Waive his Presence at His Revocation and Sentencing Hearings

Mr. Swiderski case be resolved without Mr. Swiderski presence. Rule 32.1(b)(2)(C) and (E) of the Federal Rules of Criminal Procedure entitle a defendant an "opportunity to appear" at a revocation hearing for supervised release, but do not make such an appearance mandatory. Fed. R. Crim. P.43 governs the mandatory requirement for the defendant's presence during a criminal proceeding (unless waived by the defendant under 43(c)(2)).) Nevertheless, the Seventh Circuit has held that Rule 43 does not apply to every proceeding. Rule 43 governs initial appearances, the initial arraignment, and the plea, as well as trial and sentencing. In *United States v. Thompson, the Seventh Circuit* explained that in the case of supervised release hearings, "If Rule 43 were meant to apply to revocation hearings, it would say so explicitly. Indeed, the Advisory Committee Notes to Rule 43 explain that the rule does not apply to 'hearings on motion made... after trial.'" 599 F.3d 595, 598 (7th Cir. 2010). *Thompson* did hold, however, that Rule 32.1 governs revocation hearings. Thus, it appears that while a defendant's presence before the court is allowed under Rule 32.1 in the case of a supervised release hearing, it is not required Under Rule 43.

### III. Defendant's Position

In a letter just received by counsel dated December 10, 2013[1], Mr. Swiderski writes:

> I, William Swiderski, is {sic} writing this letter to state I agree with the

---

[1]According to the letter, a copy was also sent to the Court and to the government.

2

> U.S. Probation violation recommendation of 33 to 41 months custody and
> 1 year supervision to run consecutive to my current state sentence.
> I will not argue against this and <u>I do not wish to be present for any hearing</u>

Copy of letter attached as Exhibit 1. (Emphasis in original.)

Counsel has not been able to arrange a telephone call with Mr. Swiderski to go over his rights and to confirm what is in the letter. It is clear from his letter that he does not desire to attend any hearing, but is unclear whether he recognizes that, at least theoretically, Mr. Swiderski, through counsel, can request that his sentence on the violation be run concurrent and not consecutive to his state sentence.. Because the crime he committed is a violent offense, he will not receive day for day credit fo the sentence he received in state court. That is why his projected parole date s not until 2039. This is plenty punishment for his actions.

Wherefore counsel, on behalf of Mr. Swiderski, requests that the sentence be run concurrent, or in the alternative, that the case be continued for a short period to allow counsel to contact the defendant.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
Carol A. Brook
Executive Director

By: *s/ Sergio F. Rodriguez*
   Sergio F. Rodriguez

SERGIO F. RODRIGUEZ
Federal Defender Program
55 E. Monroe St.
Suite 2800
Chicago, IL 60603
(312) 621-8300

3

## CERTIFICATE OF SERVICE

The undersigned, Sergio F. Rodriguez, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT'S POSITION REGARDING VIOLATION OF SUPERVISED RELEASE**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on December 18, 2013, to counsel/parties that are non-ECF filers.

> Will Smith
> United States Probation Office
> 55 E. Monroe St., 15th Floor
> Chicago, IL 60603

> FEDERAL DEFENDER PROGRAM
> Carol A. Brook
> Executive Director
>
> By: s/ Sergio F. Rodriguez
>        Sergio F. Rodriguez

SERGIO F. RODRIGUEZ
Federal Defender Program
55 E. Monroe St.
Suite 2800
Chicago, IL  60603
(312) 621-8300

4

**IN THE**
**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **No. 92 CR 908-1** |
| vs. | ) | |
| | ) | |
| **WILLIAM R. SWIDERSKI** | ) | **Hon. Charles P. Kocoras** |

## DEFENDANT'S POSITION REGARDING VIOLATION OF SUPERVISED RELEASE

Exhibit 1.  Copy of Letter from William Swiderski

# EXHIBIT 1

## Copy of Letter from William Swiderski

Docket 1:92 cr00908
PACTS 2528
marshal # 96494-024

William Swiderski
M37264
Menard correctional cur.
P.o. box 1000
Menard, IL 62259

12-10-13

Dear Mr. Rdriguez
    I William Swiderski is writing
this letter to state I Agree with
The U.S. probation violation Reccomendation
of 33 to 41 months custody And 1 year
Supervision To Run consecutive to my
current state sentence.
        I will not Argue Against this
And I do not wish to Be present
For Any hearings
            If need be, please do A
video call if you need to do this in
person

                    William Swiderski

                    M37264
                marshal # 96494-024

c.c Judge kocoras
    Daniel May , U.S. Atty office